**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TESLA, INC.,<br><br>                Plaintiff,<br><br>      v.<br><br>ANGSTROM AUTOMOTIVE<br>GROUP, LLC<br><br>              Defendant. | CIVIL ACTION NO:<br><br>6:26-cv-0477-CRW-DNM |

## DEFENDANT ANGSTROM AUTOMOTIVE GROUP, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED HEARING

Defendant Angstrom Automotive Group, LLC ("Angstrom Automotive"), by and through its undersigned counsel, submits this response to Plaintiff Tesla, Inc.'s Motion for Expedited Hearing. Angstrom Automotive does not oppose expedited consideration of Tesla's request for emergency relief. Angstrom Automotive respectfully requests, however, that the Court permit it a short opportunity to submit its substantive response to Tesla's Motion for Temporary Restraining Order and Writ of Replevin/Sequestration before the Court rules on that motion.

Tesla's request presents substantial factual and legal issues that should not be resolved on an abbreviated record. Most fundamentally, Tesla has sued the wrong corporate entity. The entity named as Defendant, Angstrom Automotive Group, LLC, does not possess, control, or have custody of the Tooling at issue. Some of the tooling at issue, to the extent it has now been properly identified, is in the possession of Angstrom Aluminum Castings Texas, LLC, and some of the tooling is in the possession of Enforge, LLC in North Carolina – both are non-parties and separate legal entities.  Tesla knows this. However, Tesla has not identified any contract governing the Tooling between Tesla and Angstrom Automotive Group, LLC because no such contract controls the tooling in the possession of Angstrom Aluminum Castings Texas, LLC or Enforge, LLC.

These are not minor factual matters that can be resolved by simply accelerating the hearing. They go directly to whether Tesla has sued the proper party, whether the Court can grant the requested relief against that party, what contractual rights and obligations govern the Tooling, and whether Tesla has demonstrated a likelihood of success on the merits.

Nor has Tesla established that it will suffer irreparable harm if the Court allows Angstrom Automotive a short period to respond. Tesla has proposed or identified alternatives available to it that can avoid any present or immediate disruption to its operations. To the extent Tesla ultimately establishes that it has suffered a compensable loss, any such loss is capable of being addressed through an award of monetary damages. Tesla therefore cannot convert the existence of a dispute over Tooling into a justification for depriving the Court of the benefit of a properly developed record.

Angstrom Automotive does not seek to delay consideration of Tesla's motion. However, the Fifth Circuit has emphasized that a party facing preliminary injunctive relief must receive a fair opportunity to oppose the application and prepare for that opposition. *Document Operations, L.L.C. v. AOS Legal Technologies, Inc.*, No. 20-20388, 2021 WL 3729333, at *3–4 (5th Cir. Aug. 23, 2021) (per curiam) (unpublished). There, the Fifth Circuit vacated a preliminary injunction entered without adequate notice and meaningful opportunity to prepare, explaining that where the parties will be required to resolve factual issues concerning preliminary injunctive relief, the proceedings must permit meaningful adversarial preparation. *Id.*

That principle is particularly important here. Tesla's motion raises factual disputes concerning the identity of the entity possessing the Tooling, the contractual relationship governing that Tooling, the parties' respective rights concerning its possession and release, and the existence

2

and immediacy of any alleged irreparable harm. Those issues should not be resolved against Angstrom Automotive before the Court has received and considered its substantive response.

**WHEREFORE**, Defendant Angstrom Automotive Group, LLC, an entity that presently exists only on paper and does not possess, control, or have custody of the Tooling at issue, respectfully requests that the Court grant Tesla's request for expedited consideration, but permit Angstrom Automotive to file its substantive response before ruling on Tesla's emergency motion, and thereafter decide Tesla's request for emergency relief.

Respectfully submitted,

**FRITZ BYRNE, PLLC**
402 West Seventh St
Austin, Texas 78701
Telephone: (512) 476-2020
Telecopy: (512) 477-5267

BY:  */s/ Liara A. Silva*
Liara A. Silva
State Bar No. 24117923
Email: lsilva@fritzbyrne.law

**AND**

Todd A. Holleman (MI Bar P57699)
(Impending *Pro Hac Vice* Request)
Miller Johnson
500 Woodward Ave., Suite 3600
Detroit, MI 48226
hollemant@millerjohnson.com
313-672-6939

**ATTORNEYS FOR PLAINTIFF**

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2026, the foregoing motion was served upon counsel of record through the Court's CM/ECF filing system.

*/s/  Liara A. Silva*
Liara A. Silva