IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Tesla, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:26-cv-00477 |
| Angstrom Automotive Group, LLC, | § | |
| | § | |
| *Defendant.* | § | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | |
| | § | |
| ANGSTROM ALUMINUM CASTINGS | § | **CASE NO.: 26-11543** |
| TEXAS, LLC, | § | |
| | § | **CHAPTER 11** |
| DEBTOR. | § | |
| | § | |

ORDER WITHDRAWING THE REFERENCE FOR THE LIMITED
PURPOSE RELATING TO TESLA'S TOOLING

Having considered *Plaintiff Tesla, Inc.'s Update on Status of Compliance with the Court's Temporary Restraining Order* (Dkt. No. 30) filed on August 5, 2026, this Court set a status conference on August 6, 2026, at 2:00 p.m. CT (Dkt. No. 31 & 32). At the status conference the Court heard from counsel from both parties regarding the status of Angstrom Automotive Group, LLC's ("Angstrom Automotive" or "Defendant") compliance with this Court's previously entered *Order Granting Plaintiff Tesla, Inc.'s Motion for Temporary Restraining Order and Writ of Replevin/Sequestration* (Dkt. No. 24) (the "TRO"). Lead litigation counsel for both parties was present, as was bankruptcy counsel for the Defendant's affiliated company, Debtor Angstrom

Aluminum Castings Texas, LLC ("AAC-Texas"), and Tesla's bankruptcy counsel, in light of AAC-Texas's chapter 11 bankruptcy filing, which commenced on August 4, 2026, before the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), Case No. 26-11543-cgb (the "Bankruptcy Case"). The Court heard arguments from all parties at the status conference, including with respect to Tesla's oral motion for this Court to withdraw the reference of AAC-Texas's Bankruptcy Case. Upon consideration of the updates provided to the Court, the arguments of counsel, the status of this Court's TRO, the recent bankruptcy filing by AAC-Texas, and based upon all of the proceedings (and any evidence and testimony therein) had and the papers filed before the Court previously, and after due deliberation and sufficient cause appearing therefore, this Court orders as follows:

1.  The Court grants Tesla's oral motion to withdraw the reference of the Bankruptcy Case as to all issues relating to the Tesla Tooling (as that term is defined in the TRO). Alternatively, this Court *sua sponte* concludes that withdrawal of the reference is appropriate; thus, reference of the Bankruptcy Case is withdrawn on that alternative ground as to all issues relating to the Tesla Tooling. All remaining issues other than those relating to the Tesla Tooling shall remain with the Bankruptcy Court.

2.  This Court previously determined that the Tooling is owned exclusively by Telsa, and as such, this Court has determined that such Tooling does not constitute property of the AAC-Texas's debtor's estate; thus, the automatic stay is inapplicable. The bankruptcy filing was not commenced until days *after* the Court adjudicated Tesla's rightful ownership and possessory rights over the Tooling. Therefore, the Court finds that the Tooling was already removed from the potential AAC-Texas estate, and is not impacted by the subsequent bankruptcy filing. Alternatively, and to the extent that AAC-Texas purports to assert a possessory right to or interest in the Tooling, the Court hereby lifts the automatic bankruptcy stay as to the Tesla Tooling for all purposes, including without limitation, to allow Tesla the ability to reclaim all such Tesla Tooling located at the Debtor's Anderton Facility in Troy, Texas or elsewhere, as previously determined and ordered in this Court's TRO, which remains in full force and effect.

3.  This Court finds, considering the entire record, evidence, and arguments presented in this case, that the Court should grant Tesla relief from the automatic stay provided under 11 U.S.C. § 362(a) based on the allowance in section 362(d), specifically because (a) the Court has adjudicated that the debtor, AAC-Texas, does

not have an equity in the Tooling as the Tooling belongs to Tesla; and (b) the Court finds that the Tooling is not necessary to an effective reorganization. The Court finds that the evidence presented demonstrates Tesla's intent to reclaim its rightful property and no longer conduct business with the debtor—so it would not be part of a reorganization plan for that reason. Further, the Court has entered a TRO to enforce Tesla and Angstrom's agreed plan for Tesla to reclaim the Tooling. Under that plan, Tesla will have reclaimed the Tooling and removed it from the AAC-Texas premises before it would be feasible to include them in any reorganization plan. Therefore, the Tooling is not necessary to an effective reorganization plan for AAC-Texas.

4.    Tesla may retrieve its Tooling from the Anderton Facility at the earliest opportunity and Angstrom Automotive Group, LLC, Angstrom Aluminum Castings Texas, LLC, as well as all other parties identified in or bound by the TRO shall cooperate with that retrieval as set out in the TRO.  Other than the change in the retrieval date, all responsibilities of the parties remain the same as ordered in the TRO and its attached Exhibit A.

5.    This Order shall become effective immediately upon its entry.

6.    This Court shall retain jurisdiction over and all matters arising from or related to the implementation or interpretation of this Order.

7.    Defendant's oral motion to stay this ruling is denied.

8.    The Clerk of Court shall send a certified copy of this Order to the United States Bankruptcy Clerk.

So ordered on August 7, 2026.

_____
CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE