UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Tesla, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:26-cv-00477 |
| | § | |
| Angstrom Automotive Group, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### ORDER GRANTING PLAINTIFF TESLA, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND WRIT OF REPLEVIN/SEQUESTRATION

Pending before the Court is Plaintiff Tesla, Inc.'s ("Tesla") *Motion for Temporary Restraining Order and for Writ of Replevin/Sequestration* (the "Motion") filed pursuant to Federal Rules of Civil Procedure 64 and 65, Defendant Angstrom Automotive Group, LLC's ("Angstrom Automotive") Response in opposition, and Tesla's Reply in support, together with the declarations and exhibits collectively attached thereto. The Court held a hearing on the Motion on July 31, 2026, via Zoom videoconference (the "Hearing"), at which the Court heard arguments of counsel and sworn testimony, and considered additional evidence offered by the parties. Having considered the Motion, the Response, the Reply, the supporting declarations, the exhibits, and the sworn testimony, evidence, and arguments of counsel elicited at the Hearing, the Court finds that Tesla has shown the need for issuance of emergency relief, that its requests for a writ of replevin/sequestration and a temporary restraining order are proper and supported by the evidence, and that the Motion should therefore be **GRANTED** for the reasons set forth herein.

1

The Court finds based on the evidence presented at the hearing:

1.     This Court has subject matter jurisdiction over Tesla, Inc.'s claims against Angstrom Automotive pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount-in-controversy is satisfied.  Tesla, both through its state of incorporation and its principal place of business, is a citizen of the State of Texas.  Angstrom Automotive is a citizen of the state of Michigan because of the citizenship of its members.

2.     Based on the evidence and sworn testimony in the record, the Court further finds that it has personal jurisdiction over Defendant Angstrom Automotive Group, LLC sufficient to grant the Motion and enter this Order.  Angstrom Automotive purposefully availed itself of the benefits of doing business in the State of Texas and has purposefully directed its activities at the State of Texas.

3.     The Court further finds that the testimony of Tesla's witnesses Michael Bandstra and Tushar Bhanse, which was elicited at the Hearing and subject to cross-examination, to be credible.

4.     Tesla has a substantial likelihood of success on the merits.

5.     Tesla will incur irreparable harm if the requested relief is not granted.

6.     The balance of hardships favors Tesla.

7.     Granting the requested relief is in the public interest.

8.     The Court further finds that the property at issue in this lawsuit (the "Tesla Tooling" or "Tooling") consists of nine sets of unique, custom-manufactured tooling designed and manufactured solely to produce components for Tesla's Cybertruck, each comprising a specific

combination of die-cast tools, trim dies, fixtures, cutting tools, gauge sets, pin presses, x-ray equipment, and related items, and more particularly described as follows:



9.      The Court further finds that Tesla owns the Tooling.

## TEMPORARY RESTRAINING ORDER.

10.     Based on the papers, sworn testimony, and other evidence elicited at the Hearing, the Court is of the opinion Tesla's request for a temporary restraining order should be **GRANTED** pursuant to Federal Rule of Civil Procedure 65 and shall go into effect immediately.

11.     The Court further finds that, pursuant to Federal Rule of Civil Procedure 65(d)(2)(B)–(C), AAC-Texas, Enforge, LLC ("Enforge"), and their officers and employees are also bound by this Order.

12.     In accordance with Rule 65(b)(2) of the Federal Rules of Civil Procedure, this Order expires in 14 days at the same hour of this Order, unless before that time the Court, for good cause, extends it for a like period or the adverse party consents to a larger extension.

13.     Accordingly, it is **ORDERED** that Angstrom Automotive Group, LLC, Angstrom Aluminum Castings Texas, LLC, Enforge, LLC and all of their respective affiliates, and their officers, directors, agents, employees, members, representatives, parents, subsidiaries, and affiliates, and all others acting in concert and in active participation with the foregoing, are **HEREBY ENJOINED** and **RESTRAINED FROM** hiding, concealing, removing, modifying, selling, damaging, destroying, or otherwise affecting the Tooling until Tesla retrieves it.

14.     It is **FURTHER ORDERED** that Angstrom Automotive Group, LLC, Angstrom Aluminum Castings Texas, LLC, Enforge, LLC and all of their respective affiliates, and their officers, directors, agents, employees, members, representatives, parents, subsidiaries, and affiliates, and all others acting in concert and in active participation with the foregoing, are **HEREBY ENJOINED** and **RESTRAINED FROM** preventing Tesla from accessing, inspecting, and removing its Tooling at the Anderton Facility and any other location where the Tooling is physically located, and that Tesla shall be allowed to retrieve the Tooling as set out in more detail in Exhibit A (Instructions for the Retrieval of Plaintiff Tesla Inc.'s Property) (the "Instructions") to this Order.

15.     It is **FURTHER ORDERED**, pursuant to the Court's equitable powers and discretion, that Tesla need not post a bond.

16.     It is **FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until fourteen days after issuance of this order.  If necessary, Tesla shall file a motion to extend this order no later than the day prior to the day the order expires.  If a preliminary injunction is necessary, the Court will set a hearing on that matter at a later date.

## WRIT OF REPLEVIN/SEQUESTRATION

17.     The Court also concludes, as a result of evidence presented at the hearing, that Tesla's request for a Writ of Replevin/Sequestration should be granted pursuant to Federal Rule of Civil Procedure 64 and Texas Civil Practice and Remedies Code § 62.001.

18.     However, given the temporary restraining order granted above and the Parties' Joint Plan that is attached to this order as Exhibit A (the "Instructions"), the Court is of the opinion that this Writ need only issue if the retrieval of the Tooling is not effectuated under that temporary restraining order and Instructions.  Accordingly, it is **ORDERED t**hat the Writ of Replevin will only issue if Tesla submits notice to the Court that the retrieval of the Tooling was not effectuated under the temporary restraining order and the Instructions and requests that the Writ of Replevin issue.  The Court shall retain jurisdiction to resolve that notice at that time and will, based on sufficient notice from Tesla, issue the writ and set the related requirements of the writ at that time.

## RETRIEVAL OF TESLA'S PROPERTY.

19.     It is further **ORDERED** that, to effectuate the release, removal, and recovery of the Tooling, the parties shall comply in all respects with Exhibit A, which is incorporated herein by reference. Angstrom Automotive Group, LLC, Angstrom Aluminum Castings Texas, LLC, Enforge, LLC, and all of their respective affiliates, officers, agents, and employees shall strictly and timely to the best of their ability perform each obligation imposed upon them under the Instructions, and any failure to do so shall constitute a violation of this Order. The Parties shall be

5

entitled to enforce the terms of the Instructions as though fully set forth herein, and the Court shall retain jurisdiction to resolve any disputes arising from or relating to the implementation of the Instructions.

## CONCLUSION

It is therefore ordered that Plaintiff Tesla, Inc.'s Motion for Temporary Restraining Order and for Writ of Replevin/Sequestration (Dkt. No. 4-1) is granted.

It is further ordered, for the reasons stated orally at the Hearing and for the reasons set forth above, that Defendant Angstrom Automotive Group, LLC's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Dkt. No. 9) is denied.

**So ordered on August 3, 2026.**

_____
CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Tesla, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:26-cv-00477 |
| | § | |
| Angstrom Automotive Group, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**[EXHIBIT A]**

**INSTRUCTIONS FOR THE RETRIEVAL OF PLAINTIFF TESLA, INC.'S PROPERTY**

**THE PROPERTY TO BE RETRIEVED.** The property at issue is nine sets of unique, custom-manufactured tooling designed and manufactured solely to produce components for Tesla's vehicles, each comprising a specific combination of die cast tools, trim dies, fixtures, cutting tools, gauge sets, pin presses, x-ray equipment, and related items, more particularly described as follows:





which, together with all corresponding fixtures, equipment, replacement parts, additions, improvements, and accessories thereto that have been paid for by Tesla, are identified in this Joint Plan as "the Tooling." The "Tooling" does not include Angstrom's or Enforge's capital equipment.

**TOOLING RETRIEVAL AT THE ANDERTON FACILITY.** To effectuate the Retrieval of the Tooling, Angstrom shall release, and Tesla shall recover and remove, all Tooling from the Anderton Facility at 222 Lely Drive, Troy, Texas 76579 (the "Anderton Facility"), and that retrieval operations shall commence on Wednesday, August 5, 2026, beginning at 8:00 a.m. Central Time and continuing until complete. To effectuate that Retrieval, Angstrom, Angstrom Aluminum Castings Texas, LLC ("AAC-Texas"), and any other necessary Angstrom or AAC-Texas entities, affiliates, officers, agents, servants, or employees (the "Angstrom Representatives") shall:

    a.  Ensure that, at Tesla's expense, Angstrom exercises best efforts to have the tools ready by 8:00 P.M. Central Time on the 4th but the Parties agree it is possible that they might not all be completely ready by that time on the 4th and may run into August 5, 2026, by taking the following steps:

    i.     All Tooling at the Anderton Facility is fully disassembled and disconnected from any machines in the Anderton Facility in a manner that permits inspection by Tesla;

    ii.    All Tooling is placed on pallets, strapped down, and placed in wooden crates suitable for transport after inspection;

    iii.   All ███████████████████████████████████ ███████████████████ are palletized or crated in such a way as to not prevent inspection;

    iv.   All dies and other large tooling items have lifting hooks attached;

    v.    All die halves (moving side and fixed side) are separated; and

    vi.   All Tooling is brought to or staged in the immediate vicinity of the loading dock at the Anderton Facility to allow easy egress;

b.  Make the dock at the Anderton Facility open and accessible starting Wednesday, August 5, 2026, from 8:00 a.m. to 8:00 p.m. Central Time, and continuing each day until the Retrieval is completed. During the Retrieval, Tesla and its designated personnel, agents, and carriers shall have full and unrestricted access to the Anderton Facility for the purpose of retrieving the Tooling, and multiple trips to and within the Anderton Facility shall be permitted as necessary to effectuate the Retrieval during each day due to weight and size constraints for highway transportation of the Tooling;

c.  Ensure that, on August 5, 2026, and each day thereafter until the Retrieval is complete, their maintenance personnel and die technicians are present and available at the Anderton Facility at Tesla's expense to assist with any Tooling that requires movement within the facility;

d.  Otherwise cooperate fully with Tesla's Retrieval, shall not impede, delay, or obstruct Tesla's access to or removal of the Tooling in any manner, and shall not otherwise interfere with the retrieval, inspection, transport, or any other action taken with respect to the Tooling.

During the Retrieval, Tesla shall be entitled to bring into the Anderton Facility such personnel, vehicles, and equipment as Tesla deems necessary to effectuate the Retrieval, including but not limited to Tesla employees, representatives, and agents, a rigging and freight crew, semi-trucks with flatbed trailers, box trucks, forklifts, and rigging equipment such as mobile gantry cranes, lifts, and cables. Tesla releases Angstrom, it affiliates, employees, members and agents from any claims from any of its employees, agents or affiliates for any injuries or damage to such equipment brought on Angstrom's property other than any injuries or damages caused by Angstrom's negligence, gross negligence or intentional conduct.

Tesla shall also have the right to inspect all Tooling that has been prepared for Retrieval, including by taking descriptions, photographs, and video recordings. If any Tooling cannot be located at the Anderton Facility's dock, Tesla and its personnel shall be permitted to walk through the Anderton Facility with Angstrom Representatives to locate such Tooling, and those Angstrom Representatives shall arrange for it to be brought to the dock immediately.

**TOOLING RETRIEVAL AT ENFORGE.** To further effectuate the Retrieval of the Tooling, Angstrom shall release, and Tesla shall recover and remove, all Tooling from the Enforge, LLC facility at 1600 Woodhurst Ln, Albemarle, North Carolina, 28001 (the "Enforge Facility") and that retrieval operations shall commence on Tuesday, August 11, 2026, beginning at 8:00 a.m. ET and continuing until complete. Angstrom's Representatives shall:

a.  Ensure that, at Tesla's expense, no later than Tuesday, August 10, 2026 at 8:00 p.m. ET.

Page 4 of 7

      i.     All Tooling at the Enforge Facility is fully disassembled and disconnected from any machines in the Enforge Facility in a manner that permits inspection by Tesla;

      ii.    All Tooling is placed on pallets, strapped down, and placed in wooden crates suitable for transport after inspection;

      iii.   All ████████████████████████████████████████ are palletized or crated in such a way as to not prevent inspection;

      iv.   All dies and other large tooling items have lifting hooks attached;

      v.    All die halves (moving side and fixed side) are separated; and

      vi.   All Tooling is brought to or staged in the immediate vicinity of the loading dock at the Enforge Facility to allow easy egress;

b.  Make the dock at the Enforge Facility open and accessible starting Tuesday, August 11, 2026, from 8:00 a.m. to 8:00 p.m. ET and continuing each day until the Retrieval is completed. During the Retrieval, Tesla and its designated personnel, agents, and carriers shall have full and unrestricted access to the Enforge Facility for the purpose of retrieving the Tooling, and multiple trips to and within the Enforge Facility shall be permitted as necessary to effectuate the Retrieval during each day due to weight and size constraints for highway transportation of the Tooling;

c.  Ensure that, on August 11, 2026, and each day thereafter until the Retrieval is complete, their maintenance personnel and die technicians are present and available at the Enforge Facility at Tesla's expense to assist with any Tooling that requires movement within the facility;

d.  Otherwise cooperate fully with Tesla's Retrieval, shall not impede, delay, or obstruct Tesla's access to or removal of the Tooling in any manner, and shall not otherwise interfere with the retrieval, inspection, transport, or any other action taken with respect to the Tooling.

During the Retrieval, Tesla shall be entitled to bring into the Enforge Facility such personnel, vehicles, and equipment as Tesla deems necessary to effectuate the Retrieval, including but not limited to Tesla employees, representatives, and agents, a rigging and freight crew, semi-trucks with flatbed trailers, box trucks, forklifts, and rigging equipment such as mobile gantry cranes, lifts, and cables. Tesla releases Enforge, it affiliates, employees, members and agents from any claims from any of its employees, agents or affiliates for any injuries or damage to such equipment brought on Enforge's property , other than any injuries or damages caused by Enforge's negligence, gross negligence or intentional conduct.

Tesla shall also have the right to inspect all Tooling that has been prepared for Retrieval, including by taking descriptions, photographs, and video recordings. If any Tooling cannot be located at the Enforge Facility's dock, Tesla and its personnel shall be permitted to walk through the Enforge Facility with Angstrom Representatives to locate such Tooling, and those Angstrom Representatives shall arrange for it to be brought to the dock immediately.

**TOOLING RETRIEVAL AT** ███████████████**.** To further effectuate the Retrieval of the Tooling, the Parties submit the following plan for the Tooling currently located at the facility operated by ████████████████████████████████ ███████████████████████████████.

At the time of the submission of this Joint Plan, Tesla advises that no retrieval protocols are necessary. However, if Tesla retrieves the Tooling from ██████████████████

Angstrom's Representatives shall not interfere with Tesla's retrieval, inspection, transport, or any other action taken with respect to the Tooling located at ███████████████ at any time, and Tesla shall not be required to provide notice to, seek consent from, or otherwise coordinate with Angstrom's Representatives in connection with the retrieval, inspection, transport, or any other action taken with respect to the Tooling located at ██████████████.

Notwithstanding the above, in no case shall the expenses charged to Tesla by Angstrom exceed $10,000 in toto. Tesla may issue a purchase order for its record and pay Angstrom within 30 days of receiving Angstrom's proposed charges.

Page **7** of **7**