IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TESLA, INC.,<br>*Plaintiff*,<br><br>v.<br><br>ANGSTROM AUTOMOTIVE GROUP, LLC,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:26-cv-00477-CRW-DNM |

**PLAINTIFF TESLA, INC.'S MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Tesla, Inc. ("Tesla"), pursuant to Federal Rule of Civil Procedure 15 and Local Rule CV-7(b), respectfully moves this Court for leave to file Tesla's *First Amended Complaint* (attached to this motion as **Exhibit A**),[1] which adds additional allegations and bases for the costs and expenses Tesla's existing claims seek. Tesla does not seek to add new parties or new claims.

## I. Introduction

This case concerns Angstrom Automotive's refusal to release custom-manufactured property of Tesla (the "Tooling") to Tesla despite Tesla's contractual, unlimited right to retrieve the Tooling at any time and Angstrom Automotive's contractual obligations to facilitate that release and retrieval. Since filing its original complaint, Tesla has retrieved that Tooling, but only because this Court granted Tesla temporary relief and entered a temporary restraining order requiring Angstrom Automotive and all others acting in concert with it to permit Tesla to do so. *See* Dkt. No. 40.

[1] *See* L.R. CV-7(b) (requiring a party moving for leave to amend to attach a copy of the proposed amended complaint to its motion as an exhibit).

Tesla's retrieval of the Tooling is not the end of this case. Tesla must still pursue its claims for breach of contract, anticipatory repudiation, conversion, and trespass to chattels for Angstrom Automotive's wrongful withholding of the Tooling and the significant harm it caused to Tesla to a final judgment to obtain full and final equitable relief to enshrine its right to the Tooling and to recover the significant costs and expenses it incurred in the retrieval of the Tooling, which includes Tesla's attorneys' fees and costs incurred in bringing this suit, all of which Angstrom Automotive is contractually obligated to cover.

Accordingly, the proposed amended complaint asserts new allegations based on new information learned by Tesla since filing this lawsuit, new events that occurred in the course of obtaining the temporary restraining order and retrieving its Tooling that affect Tesla's claims, and new bases for Tesla's costs and expenses based on Angstrom Automotive's actions to prevent and delay Tesla from effectuating that retrieval.

## II. <u>Background</u>

Tesla filed its *Original Complaint* and, concurrently, a *Motion for Temporary Restraining Order and Writ of Replevin/Sequestration* on July 23, 2026. Dkt. Nos. 1, 4. On July 31, after extensive briefing by the Parties, the Court held a four-plus-hour evidentiary hearing featuring live witness testimony and arguments of counsel on Tesla's TRO motion. Dkt. Nos. 10, 16, 18. The Court granted Tesla's motion after that hearing, allowing Tesla to retrieve its Tooling from Angstrom Automotive's possession. *See* Dkt. No. 40. Tesla eventually did so, on August 10, 2026, but only after (1) Angstrom Automotive's motion to stay the TRO, which this Court denied, (2) a dilatory bankruptcy filing by an Angstrom Automotive affiliate, which required a subsequent order of this Court to ensure that Tesla could effectuate the TRO, and (3) an emergency appeal to

the Fifth Circuit by Angstrom Automotive seeking a stay of the TRO, which was denied. *See* Dkt. Nos. 20, 28, 30, 33, 34, 37.

In the course of these proceedings, Tesla has learned additional facts through its investigation that are relevant to its allegations and claims, and the litigation itself has given rise to significant developments and the accrual of additional costs and expenses that Angstrom Automotive is contractually obligated to cover. Both warrant amendment to enable Tesla to plead additional bases for recovering those expenditures. This is the first time Tesla has sought leave to amend.

## III. Legal Standard

Under the Federal Rules, a party may amend its pleadings only with the opposing party's written consent ***or*** with the Court's leave. FED. R. CIV. P. 15(a)(2). The Rule states that the Court should freely give leave to amend when justice so requires, evidencing a bias in favor of granting leave. *See id.*; *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (citation omitted). Rule 15(a)'s bias favoring amendment severely restricts a court's discretion when considering a motion for leave. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). A court should not deny a party leave to amend unless a substantial reason exists to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted). "[A]bsent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, ... undue prejudice to the opposing party, [or the futility of the amendment,] the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (cleaned up, citation omitted). "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Id.*

## IV. Argument

**A. The Court should grant leave because Tesla's motion is timely.**

The *Original Complaint* was filed on July 23, 2026. No scheduling order has been entered and discovery has not begun. Therefore, there is currently no operative deadline by which the Parties are required to amend their pleadings. Tesla's submission at this early juncture is therefore timely.

**B. The Court should grant Tesla leave to file an amended complaint to add allegations and bases for its claims that arose since Tesla filed its original complaint.**

Tesla's proposed amended complaint adds allegations and bases for the costs and expenses Tesla's existing claims seek that are part and parcel with the core dispute set out in the *Original Complaint*: the wrongful withholding of Tesla's Tooling by Angstrom Automotive in violation of its contractual duties. The proposed amended complaint is not adding unrelated claims against unrelated parties, nor is Tesla even proposing new claims against Angstrom Automotive; instead, the proposed amended complaint merely expands on Tesla's *Original Complaint* by adding additional, detailed allegations against Angstrom Automotive now that Tesla has conducted further investigation and engaged in litigation. These new allegations center on 3 areas: (1) Angstrom Automotive's corporate structure and the web of affiliated entities it has surrounded itself with, (2) the actions by this Court and the Fifth Circuit since the filing of the *Original Complaint*, and (3) additional bases for Tesla's recovery of costs and expenses in connection with its existing claims.

As to Angstrom Automotive's corporate structure, Tesla filed its *Original Complaint* against Angstrom Automotive because that is the party it entered into the operative contract with, wherein Angstrom Automotive promised to bind itself and all of its affiliates, and the party who Tesla was negotiating with in the lead up to this lawsuit. In litigating the TRO, Angstrom

Automotive's primary defense was that Tesla sued the wrong entity. *See, e.g.*, Dkt. No. 10 at 2-4. Tesla's investigation, as evidenced by its exhibits to its reply in support of the TRO, *see* Dkt. No. 16, and the sworn testimony of an Angstrom executive at the TRO hearing, revealed that Angstrom Automotive is part of a sprawling web of entities subject to common control and ownership, such that the acts of any entity are properly imputable to Angstrom Automotive under both the operative contract and general common law principles. Tesla's proposed amended complaint accordingly adds additional allegations concerning Angstrom Automotive's corporate structure that are essential to establishing that Angstrom Automotive is the proper defendant in this action and that its attempts to diffuse responsibility among a web of affiliated entities cannot shield it from liability for the actions that formed the foundation of Tesla's *Original Complaint*.

As to the litigation since this case was filed, this matter has seen motions, evidentiary hearings (with substantial testimony from witnesses), status conferences, orders, and emergency appeals in the weeks after the *Original Complaint* was filed. In the end, Tesla retrieved its Tooling nearly a month after it made its first demand to Angstrom Automotive and only after Angstrom Automotive refused to follow its clear contractual obligations and then engaged in numerous dilatory tactics once this Court issued the TRO. Tesla's proposed amended complaint thus includes revisions and additional allegations that reflect the current posture of the case that bear on Tesla's claimed costs and expenses. This is necessary not only for accuracy's sake, but also because some of these new allegations—such as the nearly monthlong refusal of Angstrom Automotive to release the Tooling—go directly to the scope of those costs and expenses that Tesla

incurred to retrieve the Tooling, including attorneys' fees, that Angstrom Automotive is contractually obligated to cover.[2]

As to the additional bases for Tesla's recovery of costs and expenses, both Tesla's investigation and Angstrom Automotive's actions since the filing of the *Original Complaint* have provided Tesla with these grounds. At the time of filing, Angstrom Automotive had prevented Tesla from retrieving its Tooling for roughly two weeks and required Tesla to devote significant resources to attempt to retrieve its Tooling. Since then, Angstrom Automotive's continued refusal to permit Tesla to retrieve its Tooling caused Tesla to expend significantly more costs and expenses—from employee time to the costs of securing equipment to retrieve the Tooling multiple times due to Angstrom Automotive's dilatory tactics to the attorneys' fees necessary to file and prosecute this lawsuit to retrieve the Tooling—all of which Angstrom Automotive is contractually obligated to cover under the applicable provisions in the contract. All told, Tesla has discovered a host of new bases for the costs and expenses it seeks in connection with its existing claims, which all relate back to the operative facts in its *Original Complaint*, that it should be entitled to plead in its proposed amended complaint.

There is no substantial reason to deny Tesla's motion for leave. The Court considers six factors when deciding whether to overturn the Rule 15's presumption in favor of granting leave and deny a motion to file an amended complaint. *See Mayeaux*, 376 F.3d at 425 (noting courts consider whether the proposed amendment involves (1) undue delay, (2) bad faith, (3) dilatory motive, (4) repeated failures to cure deficiencies, (5) undue prejudice, or (6) futility). None are applicable here.

[2] For similar reasons, Tesla's proposed amended complaint also removes its request for a declaratory judgment and a TRO and writ of replevin/sequestration because this relief has already been granted.

Tesla has not unduly delayed amendment, as it brings this motion within the first sixty days of the lawsuit and before a scheduling order has even been entered. Nor has Tesla acted in bad faith, as Tesla discovered the new information forming the basis of its amendment in the course of obtaining the TRO (indeed, some of that information did not occur until ***after*** filing) and retrieving its Tooling pursuant to the TRO. Tesla did not have a dilatory motive in moving for leave, as Tesla sought to amend before any applicable deadline and within a reasonable time after learning the relevant facts. The Court has not identified any prior deficiencies in Tesla's current *Original Complaint*, so the fourth factor is not applicable. In fact, the Court denied Angstrom Automotive's motion to dismiss the *Original Complaint* for a lack of personal jurisdiction and for failure to state a claim. *See* Dkt. No. 40 at p. 6. Tesla's proposed additions are not prejudicial because they merely elaborate on the same underlying dispute pleaded in the *Original Complaint*, and Tesla is not proposing any new claims or new parties. Finally, Tesla's amendment is not futile; Tesla's proposed amended complaint is thorough, well-pleaded, and withstands scrutiny under the federal pleading standards. The Court should grant leave to amend and docket that complaint.

## V. Conclusion

For these reasons, Tesla respectfully requests that the Court grant this motion and order the Clerk of the Court to remove the cover page from **Exhibit A** and docket Tesla's *First Amended Complaint*.

Dated: September 11, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Marc B. Collier*
Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Kayla Ahmed
Texas Bar No. 24136691
kayla.ahmed@nortonrosefulbright.com
Benton McDonald
Texas Bar No. 24143183
benton.mcdonald@nortonrosefulbright.con
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

***Counsel for Plaintiff Tesla, Inc.***

## **Certificate of Conference**

The undersigned certifies that Tesla's counsel conferred via email on September 10 and 11, 2026 with counsel for Angstrom Automotive regarding this motion and the relief requested therein. Counsel for Angstrom Automotive indicated that they oppose the motion and the relief requested.

*/s/ Marc B. Collier*
Marc B. Collier

## **Certificate of Service**

I certify that, on September 11, 2026, this document was filed and served on all counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Marc B. Collier*
Marc B. Collier